UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00960-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF No. 17)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 1 & 7.) The action proceeds against Defendant Smith on Plaintiff's First Amendment free exercise of religion, Fourteenth Amendment equal protection, and RLUIPA claims. (ECF No. 12.)

Before the Court is Defendant's August 5, 2015 motion to dismiss, alleging that Plaintiff failed to exhaust administrative remedies. (ECF No. 12.) Plaintiff filed an opposition. (ECF No. 21.) Defendant filed a reply. (ECF No. 23.) The matter is deemed submitted. Local Rule 230(*l*).

## II. LEGAL STANDARD

Ordinarily, a motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162,

1166 (9th Cir. 2014). However, "in the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Id.

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm, 680 F.3d at 1121.

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall, 629 F.3d at 998. However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1986); Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

**III.   PLAINTIFF'S COMPLAINT**

Plaintiff's claims against Defendant Smith arise out of her alleged denial of Plaintiff's request for kosher meals. More specifically, Plaintiff alleges that he has been a practicing member of the House of Yahweh since 2009 and was receiving kosher meals. At some point, his kosher meals were terminated and he submitted a Form 22 inquiry regarding such meals. Defendant Smith addressed his Form 22 in November 2011 and denied Plaintiff Kosher meals because he practices the House of Yahweh religion rather than Judaism and is not of the Jewish "race." He claims that Defendant

Smith lied in her response to Plaintiff's Form 22 regarding his Kosher meals by misinforming Plaintiff that the "Rabbi was the only staff member to approve and grant a Kosher diet." Although Defendant Smith stated that she did not have the authority to approve his meals, she approved such meals for other House of Yahweh members in the past.

**IV.   PARTIES' ARGUMENTS**

Defendants argue that Plaintiff's failure to exhaust is clear from the face of the complaint and the exhibits attached by Plaintiff. Specifically, Plaintiff included documents showing that he submitted and exhausted an appeal regarding the denial of his kosher meals, but this appeals did not name Defendant Smith. Defendant Smith was not implicated in Plaintiff's appeal until she adjudicated the appeal at the first level of review. Additionally, Plaintiff's Form 22 request is insufficient under California regulations to exhaust administrative remedies.

Plaintiff responds that, at the time of filing his administrative appeal, he did not have knowledge of Defendant Smith's involvement or of her authority to approve his kosher meals.[1] It was not until April 2012, when he returned to general population, that he learned from others of his same religion that Smith had approved their kosher meals.

**V.   DISCUSSION**

**A.   Legal Standard – Exhaustion**

The Prison Litigation Reform Act requires prisoners to exhaust "such administrative remedies as are available" prior to bringing an action regarding prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007). "The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

Exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 93 (2006). The

---

[1] He also asserts that he was ignorant to the discriminatory reasons behind the denial of his meals. However, this assertion is contradicted by the appeal records themselves, in which Plaintiff asserts a discriminatory animus on the part of prison officials even prior to Smith's involvement in the issue.

3

prison's own grievance process determines how detailed a grievance must be to satisfy the exhaustion requirement. Jones., 549 U.S. at 218. The prisoner must comply with that process in such a way as to allow the prison to reach the merits of the issue. Woodford, 548 U.S. at 90.

The regulations applicable at the time Plaintiff filed his grievance[2] required that Plaintiff's grievance "list all staff member(s) involved and . . . describe their involvement in the issue." Cal. Code Regs. tit.15, § 3084.2(a)(3) (2011). Plaintiff also was required to state "all facts known and available to him/her regarding the issue being appealed" at the time of submitting his initial appeal form. Cal. Code Regs. tit. 15, § 3084.2(a)(4) (2011).

**B.   Analysis**

On their face, the California regulations would appear to preclude Plaintiff's suit: to properly exhaust his administrative remedies, Plaintiff was required to name the staff members against whom his complaints ran. Here, there is no dispute that Plaintiff exhausted administrative appeals regarding the denial of his kosher meals. But, those appeals did not name Defendant Smith. Thus, according to Defendant, Plaintiff's claims must be dismissed.

However, case law decided since the filing of Defendant's motion precludes such a conclusion. The United States Court of Appeals for the Ninth Circuit addressed a similarly postured case in Reyes v. Smith, No. 13-17119 (9th Cir. Jan. 12, 2016) (slip op.). There, the plaintiff filed an administrative grievance regarding changes to his prescription pain medication regimen. The plaintiff did not name in his grievance the physicians or other medical staff responsible for the changes. The action was dismissed

---

[2] Previously, the California Code of Regulations required only that an inmate "describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a) (2007). Thus, prior to 2011, prisoners were not required in an administrative grievance to "identify responsible parties or otherwise to signal who ultimately may be sued." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Jones, 549 U.S. at 217); Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014). Although the United States Supreme Court has stated that providing notice of the individuals who might later be sued is not one of the leading purposes of the exhaustion requirement, Jones, 549 U.S. at 219, California nonetheless amended its regulations to now require prisoners to identify responsible staff in their complaints.

pursuant to the regulations cited above.

Citing the purposes underlying the PLRA exhaustion requirement, the Ninth Circuit reversed. The court noted that the plaintiff's grievance was "potentially procedurally flawed" due to plaintiff's failure to name the putative defendants. Slip op. at 7. However, because "prison officials address[ed] the merits of [the] prisoner's grievance instead of enforcing a procedural bar, the state's interests in administrative exhaustion [were] served." Id. Specifically, "[p]rison officials have had the opportunity to address the grievance and correct their own errors and an administrative record has been developed." Id. Thus, the court concluded that, "if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process," the prisoner has exhausted "such administrative remedies as are available" under the PLRA. Id. at 9 (citing 42 U.S.C. § 1997e(a)).

In light of Reyes, Defendant's argument cannot be maintained. Instead, the documents attached to Plaintiff's complaint reflect that Plaintiff's administrative complaints regarding the denial of kosher meals were addressed on the merits at each step of the administrative process. Accordingly, these documents reflect that Plaintiff exhausted "such administrative remedies as are available" under the PLRA. Defendant's motion to dismiss must be denied.

### VI.  CONCLUSION AND RECOMMENDATION

The Court finds that Defendant Smith has not met her burden of showing Plaintiff failed to exhaust administrative remedies. Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Smith's motion to dismiss (ECF No. 17) be DENIED.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 12, 2016            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE