UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00960-AWI-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF No. 24)**<br><br>**CASE TO REMAIN OPEN** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Smith on Plaintiff's First Amendment free exercise of religion, Fourteenth Amendment equal protection, and RLUIPA claims. (ECF No. 12.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On August 5, 2015, Defendant filed a motion to dismiss on the ground that Plaintiff's failure to exhaust administrative remedies was plain from the face of the complaint. (ECF No. 17.) On January 24, 2015, the Magistrate Judge issued findings and a recommendation to deny Defendant's motion to dismiss. (ECF No. 24.) Defendant filed objections. (ECF No. 25.) Plaintiff filed no response.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendation to be supported by the record and by proper analysis.

On the motion to dismiss, Defendant acknowledged that Plaintiff pursued an administrative grievance regarding the issues raised in this litigation, i.e., the denial of his kosher meals. However, Defendant argued that the grievance did not name Defendant Smith and therefore, under the applicable regulations, did not exhaust administrative remedies against her. The Magistrate Judge rejected that argument in light of the Ninth Circuit's recent decision in Reyes v. Smith, 810 F.3d 654 (2016). Therein, the Ninth Circuit concluded that, "if prison officials ignore the procedural problem [of failing to name a Defendant] and render a decision on the merits of the grievance at each available step of the administrative process," the prisoner has exhausted "such administrative remedies as are available" under the PLRA. Id. at 658 (citing 42 U.S.C. § 1997e(a)).

Defendant objects that Reyes is distinguishable. According to Defendant, the appeal in Reyes named no one. Here, however, Plaintiff's appeal named someone other Defendant. Also according to Defendant, the Reyes appeal referred to the Pain Management Committee that denied the plaintiff's medication and of which the defendants were a part, allowing the prison to readily identify the staff involved. Here, however, the prison could not have identified Defendant's involvement in the issue. Accordingly, Defendant argues, the principles applicable in Reyes do not apply here.

Defendant's description of the facts in Reyes is not correct. Indeed, Reyes is postured almost identically to the instant case. There, as here, the Plaintiff's appeal named a non-Defendant for the decision to terminate Plaintiff's preferred medications. Reyes v. Smith, No. 2:12–CV–0652–KJM–CMK–P, 2013 WL 3816011, at *2 (E.D. Cal. July 19, 2013) ("He only states that Dr. Hashimoto, who is not named as a defendant in this action, was responsible for the determination that plaintiff no longer required the medication."), rev'd, 810 F.3d 654 (9th Cir. 2016); see also 810 F.3d at 658 ("Drs. Smith and Heatley argue that the grievance related on its face only to Dr. Hashimoto's determination that Reyes should not receive narcotic pain medication, and thus did not exhaust his claim relating to actions by the Pain Management Committee.").

Additionally, in Reyes it was the appeal reviewers, and not the plaintiff, who identified the Pain Management Committee's involvement in the denial of the plaintiff's pain medication. 810 F.3d at 659. Here, Defendant's involvement was equally plain to prison officials: she reviewed Plaintiff's appeal at the first level and signed the first level decision. Reyes therefore is directly on point and contrary to Defendant's argument. Plaintiff's failure to comply with administrative regulations requiring him to name all staff members involved is not a bar to his claims in this action.

Lastly, Defendant argues that she could not have made the decision at issue in this case because she had no authority to do so under Title 15 regulations. Indeed, according to Defendant, the Rabbi named in Plaintiff's grievance was the party responsible for the decisions at issue in this action. This may be an appropriate basis for summary judgment in Defendant's favor; it is not, however, relevant on a motion to dismiss as Plaintiff alleges that Defendant did approve kosher meals for other inmates. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (noting that, in resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading).

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendation (ECF No. 24), filed January 13, 2016, in full; and
2. Defendant's motion to dismiss (ECF No. 17) is DENIED.

IT IS SO ORDERED.

Dated:   March 15, 2016                                  _____
                                                         SENIOR DISTRICT JUDGE