UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | CASE No. 1:13-cv-00960-AWI-MJS (PC)<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>**(ECF No. 33)**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRING SECURITY**<br><br>**(ECF No. 32)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.    Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against

1

Defendant Smith on Plaintiff's First Amendment free exercise of religion, Fourteenth Amendment equal protection, and RLUIPA claims.[1] (ECF Nos. 12, 13.)

On March 29, 2016, Defendant filed a motion for an order declaring Plaintiff a vexatious litigant and requiring that he post security before proceeding further with this litigation. (ECF No. 32.) Defendant also filed a request for judicial notice. (ECF No. 33.) Plaintiff filed an opposition. (ECF Nos. 35-36.) Defendant filed a reply. (ECF No. 39.) The matter is submitted. Local Rule 230(*l*).

## II.     Request for Judicial Notice

Defendant asks the Court to take judicial notice of court records in other proceedings brought by Plaintiff. (ECF No. 33.) The Court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); Fed. R. Evid. 201(b)(2). Defendant's request will be granted.

## III.    Motion to Declare Plaintiff a Vexatious Litigant and Require Security

### A.     Legal Standard

This Court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, . . . as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking . . . ." Local Rule 151(b). A defendant's motion for an order requiring a plaintiff to furnish security must be supported by a showing (a) that the plaintiff is a vexatious litigant and (b) that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant. Cal. Civ. Proc. Code § 391.1. Upon consideration of the motion, the court "shall consider any evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion." Cal. Civ. Proc. Code § 391.2. If the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail, the court shall order the plaintiff to furnish security in an amount to be fixed by the court. Cal. Civ. Proc. Code

---

[1] Plaintiff has moved to amend his complaint to allege similar claims against Rabbi Yossi Carron. (ECF Nos. 37, 38.)

2

§ 391.3. When security that has been ordered furnished is not furnished, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished. Cal. Civ. Proc. Code § 391.4.

### B. Vexatiousness

Defendants move to have plaintiff deemed a vexatious litigant under two provisions of California's Vexatious Litigants statute, California Code of Civil Procedure §§ 391-391.7. First, they argue that plaintiff is a vexatious litigant under Section 391(b)(1), which defines a vexatious litigant as one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been . . . finally determined adversely to the person. . . ." Second, defendants argue that plaintiff should be deemed a vexatious litigant under Section 391(b)(3), which defines a vexatious litigant as one who "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engaged in other tactics that are frivolous or solely intended to cause unnecessary delay."

### 1. California Code of Civil Procedure § 391(b)(1)

Defendants identify the following five cases as having been decided adversely to Plaintiff.

1. <u>Quezada v. Hedgpeth</u>, (E.D. Cal. Case No. 1:08-cv-01404).

In this action, Plaintiff alleged violations of his First, Eighth, and Fourteenth Amendment rights in relation to his being classified as "Hispanic" and, being so classified, being placed on lock-down and a modified program for several months. On September 24, 2014, the matter was resolved in favor of the defendants and adversely to Plaintiff on summary judgment.

2. <u>Quezada v. Fisher</u>, (E.D. Cal. Case No. 1:09-cv-01856).

This case also proceeded on claims that Plaintiff was subject to improper classification status and race-based lockdowns in violation of the Fourteenth Amendment. Although it involved roughly the same time period as <u>Quezada v. Hedgpeth</u>

3

(discussed above), it involved different defendants. The defendants moved for summary judgment. Plaintiff did not file an opposition and instead filed a request to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2), apparently to avoid incurring a "strike" within the meaning of the Prison Litigation Reform Act. As a result, the action was dismissed with prejudice on January 4, 2016.

      3.    <u>Quezada v. Gricewich</u>, (E.D. Cal. Case No. 1:09-cv-02040).

This matter proceeded against an individual defendant on a single claim of First Amendment retaliation. On March 4, 2015, summary judgment was granted in favor of the defendant on the ground Plaintiff failed to exhaust his administrative remedies.

      4.    <u>Quezada v. Herrera</u>, (E.D. Cal. Case No. 1:10-cv-00483).

In this action, Plaintiff alleged various constitutional claims in relation to his refusal to wear a hairnet in his kitchen job and various adverse actions resulting therefrom. On August 8, 2012, the complaint was dismissed with prejudice at the screening stage for failure to state a claim.

      5.    <u>Quezada v. Herrera</u>, (9th Cir. Case No. 12-16886).

Plaintiff appealed the decision in <u>Quezada v. Herrera</u>, No. 1:10-cv-00483 (discussed above). On May 22, 2013, the Ninth Circuit affirmed.

Defendants have identified 5 actions, prosecuted or maintained by plaintiff within the past seven years, which were terminated adversely to Plaintiff. This is sufficient for a finding of vexatiousness under California Code of Civil Procedure § 391(b)(1). Plaintiff's arguments to the contrary are without merit. His contentions that his claims were legitimate, non-frivolous, and made without a purpose to harass are not relevant under California law, which requires only that the actions have been "finally determined adversely" to him.

    Plaintiff also argues that California law does not provide the applicable legal standard and the Court instead should apply the federal definition of vexatiousness. The federal definition is more stringent, and requires more than a finding of litigiousness; the litigation also must be vexatious and harassing. <u>Molski v. Evergreen Dynasty Corp.</u>, 500

4

F.3d 1047, 1061 (9th Cir. 2007); De Long v. Hennessey, 912 F.2d 1144, 1146-47 (9th Cir.1990).

It is true that the Ninth Circuit has applied a more stringent test for a finding of vexatiousness in the context of requests for pre-filing orders. Id. Here, however, Defendant does not request a pre-filing order, but the furnishing of security pursuant to Local Rule 151(b). Local Rule 151(b) refers specifically to California law. Accordingly, the Court will apply California law to Defendant's motion. See, e.g., Local Rule 151(b); Bradford v. Brooks, No. 15-16151, 2016 WL 4537900 (9th Cir. Aug. 31, 2016) (applying California law in the context of a request for security); Benyamini v. Vance, No. 2:13-cv-0910 TLN AC P, 2016 WL 1253898 (E.D. Cal. March 31, 2016) (same); Bradford v. Vella-Lopez, No. 1:11–cv–00990–AWI–SKO (PC), 2014 WL 7069625 (E.D. Cal. Dec. 12, 2014) (same).

Plaintiff also argues that Quezada v. Hedgpeth, E.D. Cal. Case No. 1:08-cv-01404, was not adversely decided because it remains pending on appeal. However, the district court's judgment is final and counts as an adverse determination unless and until it is reversed on appeal. Moghaddam v. Bone, No. G038221, 2009 WL 624687, at *11 (Cal. Ct. App. Mar. 11, 2009) (citing Calhoun v. Franchise Tax Bd., 20 Cal. 3d 881, 887 (1978)).

Plaintiff argues further that Quezada v. Fisher, E.D. Cal. Case No. 1:09-cv-01856, was not adversely decided because it was dismissed upon his request. However, a voluntary dismissal is prima facie proof that the litigation was determined adversely to plaintiff. Herships v. Groves At Manzanita, No. 215CV1838MCECKDPS, 2016 WL 1360255, at *3 (E.D. Cal. Apr. 6, 2016) (citing Tokerud v. Capitolbank Sacramento, 38 Cal. App. 4th 775, 779-780 (1995)). Furthermore, Plaintiff's contention is contrary to the underlying intent of the vexatious litigant statute:

> The vexatious litigant statutes were enacted to require a person found a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of one of these obsessive and persistent litigants whose

>  conduct can cause serious financial results to the unfortunate object of his attack. The constant suer for himself becomes a serious problem to others than the defendant he dogs. By clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts. An action which is ultimately dismissed by the plaintiff, with or without prejudice, is nevertheless a burden on the target of the litigation and the judicial system, albeit less of a burden than if the matter had proceeded to trial. A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion. The difference is one of degree, not kind. In the comparable context of a malicious prosecution action, a voluntary, unilateral dismissal of the underlying dispute is generally considered a termination in favor of the defendant. Only where the dismissal leaves some doubt regarding the defendant's liability, as where the dismissal is part of a negotiated settlement, will the dismissal not be deemed a termination favorable to the defendant.

Tokerud, 38 Cal. App. 4th at 779-80 (internal quotation marks, citations, and footnotes omitted).

Plaintiff's request to dismiss Quezada v. Fisher was not part of a negotiated settlement, and instead appears to have been an attempt to avoid an adverse determination against him on summary judgment. Such conduct manifestly constitutes an adverse determination under California law.

To the extent Plaintiff argues that Quezada v. Herrera, 9th Cir. Case No. 12-16886, is not a separate adverse determination from the underlying district court determination, he is incorrect. The appeal counts as an adverse determination "separate from the underlying litigation because the appeal is 'new' to the appellate court, and therefore qualifies as litigation described in section 391, subdivision (a) [defining "litigation"]." Moghaddam, No. G038221, 2009 WL 624687, at *9 (citing McColm v. Westwood Park Assn., 62 Cal.App.4th 1211, 1220-21 (1998)).

Lastly, the Court acknowledges Plaintiff's argument that he has been successful in litigation in the past (Case No. 2:08-cv-1196TLN-EFB, a class action that settled), and presently has a case pending in this district, No. 1:10-cv-1042-DAD-SAB, that is

6

scheduled for settlement conference and ultimately may be scheduled for trial. However, the existence of cases still pending or resolved in Plaintiff's favor does not negate the Court's finding with respect to Plaintiff's other litigation.

Since the cases identified by Defendant meet the standard set forth under Section 391(b)(1), the court concludes that Defendant has met her burden of establishing that Plaintiff qualifies as a vexatious litigant.

### 2. California Code of Civil Procedure § 391(b)(3)

The court finds that Defendant has not met her burden of establishing that Plaintiff qualifies as a vexatious litigant pursuant to Section 391(b)(3). Under that provision, what constitutes "repeatedly" or "unmeritorious" tactics that are frivolous or solely intended to cause unnecessary delay is left to the sound discretion of the trial court; while broad, that discretion is not unfettered. Morton v. Wagner, 156 Cal. App. 4th 963, 971-72 (2007) (citation and quotation marks omitted). Unsuccessful motions are not necessarily unmeritorious or frivolous; "repeated motions must be so devoid of merit and be so frivolous that they can be described as a flagrant abuse of the system, have no reasonable probability of success, lack reasonable or probable cause or excuse and are clearly meant to abuse the processes of the courts and to harass the adverse party. . . ." Id. at 972 (quoting Wolfgram v. Wells Fargo Bank, 53 Cal. App. 4th 43, 58 (1997)) (internal quotation marks omitted). Most cases falling within the state statute involve dozens of motions during the pendency of an action or relating to the same judgment. Id. at 972.

Examination of the docket in the each of the cases identified by Defendant leaves the Court unconvinced that Plaintiff's filings qualify as vexatious. They appear instead to reflect unfamiliarity with procedure and substantive law. Their nature and volume are not disproportionate to those in prisoner civil rights litigation. Nonetheless, having concluded that Plaintiff qualifies as a vexatious litigant pursuant to Section 391(b)(1), the Court will proceed with the second step of the analysis, i.e., Plaintiff's likelihood of success on the merits.

### C. Success on the Merits

In order to grant defendants' motion, the court must also find that plaintiff does not have a reasonable probability of prevailing in this case. Cal. Civ. Proc. § 391.3. In making this determination, the court is required to weigh the evidence, and it does not assume the truth of plaintiff's allegations. Moran v. Murtaugh Miller Meyer & Nelson, LLP, 40 Cal. 4th 780, 784-86 (2007); Golin v. Allenby, 190 Cal. App. 4th 616, 635 (2010).

Plaintiff's claims against Defendant arise out of his allegation that Defendant denied Plaintiff Jewish kosher meals in violation of the Free Exercise clause of the First Amendment, the Equal Protection clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Person Act of 2000 ("RLUIPA"). Defendant argues that Plaintiff does not have a reasonable probability of succeeding against her on these claims. The parties' arguments will be addressed in turn.

#### 1. RLUIPA

Plaintiff cannot succeed against Defendant on his RULIPA claim.

At the screening stage, the Court permitted Plaintiff to proceed against Defendant in her individual capacity on a RLUIPA claim for damages. However, RLUIPA does not permit suits against government employees in their individual capacities. Wood v. Yordy, 753 F.3d 899, 902-04 (9th Cir. 2014). Neither does it permit suits for money damages against government employees in their official capacities. Sossamon v. Texas, 131 S. Ct. 1651, 1660 (2011). Accordingly, only official capacity suits seeking prospective relief are permitted. Plaintiff has not been permitted to proceed on a claim for prospective relief. Moreover, since he is no longer under Defendant's custody, such a request would be moot.

#### 2. First Amendment

Defendant acknowledges that Plaintiff's allegation that he was denied a diet that satisfied the laws of his religion implicates the First Amendment. However, Defendant argues that she was not authorized to grant, deny, or revoke Plaintiff's participation in

the Jewish kosher meal program. Instead, that authority is solely vested in the prison's Jewish Chaplain pursuant to state law.

In support, Defendant submits her declaration stating that her duties at Plaintiff's institution include supervising the Religious Chaplains; however, her supervisory responsibility is limited to ensuring that CDCR regulations and policies were followed. On September 28, 2011, Defendant received a request from Rabbi Carron asking her to make an exception to the Jewish meal program for several inmates he did not believe he could qualify on religious grounds (presumably including Plaintiff, although Defendant does not so state). Defendant reminded the Rabbi that only he had the authority to determine whether an inmate qualified, and that her role was only to ensure that the Rabbi provided written justification to inmates who were denied. Defendant states that she did not deny Plaintiff kosher meals or instruct anyone else to do so.

At the time Plaintiff was denied kosher meals, Title 15, Section 3054.2(a) provided that "Jewish inmates may participate in the [kosher meal] program, as determined by the Jewish Chaplain." Pursuant to state law and Defendant's declaration, Defendant had no direct involvement in denying Plaintiff Jewish kosher meals. Although she reviewed Plaintiff's administrative appeal in relation to this issue (ECF No. 1 at 43), she therein relied on the decision of the Jewish Chaplain as grounds for denying Plaintiff's appeal. In essence, Plaintiff attempts to impose liability on Defendant solely based on her role as the Rabbi's supervisor. Such supervisorial liability is impermissible under Section 1983. Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the Court concludes that Plaintiff is unlikely to succeed against Defendant on this claim.

The Court is cognizant that Plaintiff has moved to amend his complaint to add Rabbi Carron as a defendant. However, this is not grounds for denying Defendant's motion. The Court makes no ruling with regard to the likelihood of Plaintiff succeeding against Rabbi Carron. To the extent Plaintiff is ordered to furnish security in this action, such security affects only Plaintiff's ability to proceed against Defendant Smith, as she is

the only party who has moved to require Plaintiff to furnish security. See Cal. Civ. Proc. Code § 391.4. If and when Plaintiff is permitted to amend his complaint, his ability to proceed against Rabbi Carron will not be influenced by Plaintiff's ability or inability to furnish security in this action. While the determination that Plaintiff is a vexatious litigant likely would remain unchanged, Rabbi Carron would be required to separately move for an order requiring Plaintiff to furnish security and to therein show that Plaintiff is unlikely to succeed against Rabbi Carron in this action.

### 3. Equal Protection

The Court concludes that Plaintiff is unlikely to succeed against Defendant on his Equal Protection claim for the same reasons stated above: because Defendant was not involved in denying Plaintiff kosher meals, she could not have denied the meals based on any discriminatory animus.

Again, this determination does not affect Plaintiff's ability to pursue such claims against Rabbi Carron.

### 4. Conclusion

The Court concludes that Plaintiff is unlikely to prevail against Defendant on any of his claims and thus should be required to post security before proceeding in this action.

### D. Amount of Security

Defendant requests that Plaintiff be required to post security in the amount of not less than $27,000 if this case proceeds. The first $10,000 of this figure is based on defense counsel's hourly rate of $170.00 times the "roughly sixty" hours expended in defending this matter; the remaining $17,000 represent estimated fees and other "case-related costs" Defendant expects to incur if the case proceeds. Plaintiff does not respond to this argument other than to state than any security requirement is improper in light of the fact his claims are meritorious.

"Security" means "an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses,

1  including attorney's fees and not limited to taxable costs, incurred in or in connection
2  with a litigation instituted, caused to be instituted, or maintained or caused to be
3  maintained by a vexatious litigant." Cal. Civ. Proc. Code § 391(c). The statute addresses
4  fees and costs that have been "incurred," not those that are anticipated. Defendant
5  points the Court to no cases in which a Plaintiff has been required to furnish security for
6  anticipated fees and costs, and the Court finds none. The Court will not recommend that
7  Plaintiff be required to furnish security for anticipated fees and costs.

8  With regard to incurred costs, Defendant's estimate of $10,000 is supported by
9  defense counsel's declaration and is an appropriate, albeit not conservative, estimate of
10 the amount expended to date. Moran, 40 Cal. 4th at 786; McColm, 62 Cal. App. 4th at
11 1218-19 ($1,000.00 security amount sought did not require evidentiary support);
12 Devereaux v. Latham & Watkins, 32 Cal. App. 4th 1571, 1587-88 (1995) (security sought
13 in the amount of $25,000.00 was supported by evidence); see also Singh v. Lipworth,
14 132 Cal. App. 4th 40, 45-48 (2005).

15 Finally, the Court notes that Plaintiff is proceeding in forma pauperis, but such
16 status is not a barrier to an order to furnish security. Moran, 40 Cal. 4th at 786; McColm,
17 62 Cal. App. 4th at 1218-19; Devereaux, 32 Cal. App. 4th at 1587-88.

18 Accordingly, the court will recommend that plaintiff be ordered to furnish security
19 in the amount of $10,000 before this action proceeds further.

20 **IV.   Conclusion and Recommendation**

21 Based on the foregoing, Defendant's request for judicial notice (ECF No. 33) is
22 HEREBY GRANTED. Additionally, it is further recommended that Defendant's motion for
23 an order declaring Plaintiff a vexatious litigant and requiring that he post security before
24 proceeding further with this litigation (ECF No. 32) be GRANTED, and that Plaintiff be
25 required to post $10,000 in security before this matter proceeds further against
26 Defendant Smith.

27 These findings and recommendations will be submitted to the United States
28 District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.

§ 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 1, 2016           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE