1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10    ALVARO QUEZADA,                      CASE No. 1:13-cv-00960-AWI-MJS  (PC)

11              Plaintiff,                 **ORDER   GRANTING   MOTION   FOR
                                           RULING**
12         v.
                                           **(ECF No. 46)**
13    MATTHEW CATE, et al.,

14              Defendants.

15                                         **FINDINGS AND RECOMMENDATIONS:**

16                                         **(1) TO GRANT MOTION TO AMEND
                                           COMPLAINT (ECF No. 37);**
17

18                                         **(2)  TO  FILE  THE  LODGED  FIRST
                                           AMENDED COMPLAINT (ECF No. 38)**
19
                                           **(3)  FOR  SERVICE  OF  COGNIZABLE
20                                         CLAIMS AGAINST DEFENDANT RABBI
                                           YOSSI CARRON;**
21
                                           **(4)   TO REQUIRE DEFENDANT SMITH
22                                         TO ANSWER; AND**

23                                         **(5) TO DISMISS ALL OTHER CLAIMS
                                           WITH PREJUDICE**
24

25                                         **FOURTEEN   (14)   DAY   OBJECTION
                                           DEADLINE**
26

27

28

1

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Smith on Plaintiff's First Amendment free exercise of religion, Fourteenth Amendment equal protection, and RLUIPA claims. (ECF Nos. 12, 13.)

Before the Court is Plaintiff's motion to amend the complaint (ECF No. 37), and a lodged, proposed first amended complaint (ECF No. 38). Defendant filed no opposition and the time for doing so has passed.

Also before the Court is Plaintiff's motion requesting a ruling on his motion to amend. (ECF No. 46.) The motion for ruling will be granted. The motion to amend is addressed herein.

I.      **Motion to Amend**

A.      **Legal Standard**

Under Rule 15(a)(2), the court should freely give leave to amend a pleading "when justice so requires." The Court should apply this policy "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman v. Davis, 371 U.S. 178, 182 (1962). However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Forman, 371 U.S. at 182). These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. Id. "Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

2

1

### B. Discussion

Plaintiff's allegations in this action stem from the denial of his participation in the Jewish kosher meal program. He seeks leave to amend in order to bring these allegations against Rabbi Yossi Carron, in addition to Defendant Smith. Plaintiff alleges facts to suggest that Rabbi Carron participated in denying Plaintiff participation in the meal program. Indeed, Defendant Smith has indicated that Carron was responsible for the denial. At this stage of the proceedings, there is no indication that any party will be prejudiced by the amendment. Accordingly, leave to amend should be granted.

The Court will proceed with screening the lodged first amended complaint.

### II. Screening Order

#### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

#### B. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements:

3

(1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### C.   Plaintiff's Allegations

Plaintiff is housed at Ironwood State Prison but complains of acts that occurred at California State Prison – Corcoran ("CSP-COR"). He names the following defendants: M. Robicheaux-Smith, Community Resource Manager; and Rabbi Yossi Carron. The defendants are sued in their official and individual capacities under the Religious Land Use and Institutionalized Persons Act (RLUIPA). They are sued only in their individual capacities on Plaintiff's First and Fourteenth Amendment claims.

Plaintiff's allegations may be summarized essentially as follows:

At the time relevant to the complaint, Plaintiff was a practicing member of the House of Yahweh. His religious principles were similar to those of Judaism.

Plaintiff applied to receive kosher meals in accordance with his religious beliefs. He received kosher meals for a time, but those meals were suspended on September 17, 2011.[1]

---

[1] Plaintiff believes the meals were suspended out of retaliation. These allegations previously were dismissed from this action with prejudice. Furthermore, the individuals responsible for this denial are not

4

That same day, Plaintiff filed a 602 administrative grievance to appeal the suspension of his kosher meals. Thereafter, Plaintiff was placed in administrative segregation and undertook a hunger strike to protest the suspension of his meals and other religious restrictions not at issue in this action.

On September 19, 2011, Defendant Carron wrote to his supervisor, Defendant Smith asking her to approve the participation of five inmates in the Jewish kosher meal program. Presumably Plaintiff was one of the five inmates, although this is not expressly stated in the complaint. Carron stated that the five inmates did not practice traditional Judaism and thus he could not approve them. He stated, however, that they adhered "more ardently to the tenets of Judaism than those inmates who are born to Jewish parents."

On September 22, 2011, Plaintiff's kosher meals were reinstated and Plaintiff ended his hunger strike.

On September 25, 2011, Rabbi Carron wrote a memorandum to Plaintiff stating that Plaintiff's kosher meals would be terminated because he is not Jewish.[2] Plaintiff was afforded the opportunity to instead choose vegetarian meals.

On October 12, 2011, Defendant Carron terminated Plaintiff's kosher meals. Plaintiff states that the termination was retaliatory.

On October 13, 2011, Plaintiff filed an appeal regarding the termination of his kosher meals. He also complained about the termination to a variety of non-parties.[3] Smith responded to Plaintiff's 602 at the first level, informing him that only the Rabbi could approve his participation in the Jewish kosher meal program. This response was

named in the caption of the amended complaint. The Court will not address allegations against non-parties. Fed. R. Civ. P. 10(a) (defendants must be named in the caption of the complaint); McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief"). For these reasons, the allegations will not be addressed further.
[2] Plaintiff states that this is a result of him not being "ethnically Jewish." However, this contention is not supported by the copy of the memorandum that is attached to the complaint. The memorandum reflects that Plaintiff's participation in the meal program was terminated because he did not live a "traditional, mainstream Jewish life."
[3] These allegations will not be addressed. See supra n.1.

1  false. According to Plaintiff, Smith had approved kosher meal participation for other non-
2  Jewish inmates.

3      At some point, Plaintiff initiated another hunger strike. Additionally, as a result of
4  the denial of his meals, he was unable to participate in certain religious festivities.

5      Plaintiff seeks money damages, unspecified declaratory relief, and the following
6  injunctive relief: unspecified injunctive relief "surrounding the animus race based policy
7  that affects all other inmates" and to "strike down" the "animus race based policy" that
8  discriminated against Plaintiff and all other CDCR inmates.

9      **D.      Discussion**

10          **1.      Relief Sought**

11      Plaintiff seeks unspecified declaratory relief. The Court presumes he seeks a
12  declaration that his rights were violated. Because Plaintiff's claims for damages
13  necessarily entail a determination whether his rights were violated, his separate request
14  for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559,
15  566 n.8 (9th Cir. 2005). Therefore, Plaintiff's claim for declaratory relief should be
16  dismissed.

17      Plaintiff seeks injunctive relief on behalf of himself and other inmates that strikes
18  down the policy that prevented him from receiving kosher meals. As an initial matter,
19  Plaintiff does not have standing to seek relief on behalf of other inmates and is not
20  permitted to represent the interests of other inmates in this action. Furthermore, it does
21  not appear that Defendants are policy-making officials with the authority to grant Plaintiff
22  the injunctive relief he requests. Finally, the regulation at issue, Title 15, section 3054.2
23  of the California Code of Regulations, already has been amended to eliminate the
24  requirement only Jewish inmates be afforded kosher meals. Accordingly, this request is
25  moot and Plaintiff's claim for injunctive relief should be dismissed.

26      The action should proceed as one for damages only.

27

28

1

**2.    RLUIPA**

2    RLUIPA does not permit suits for money damages against government

3  employees in their official capacities. Sossamon v. Texas, 131 S. Ct. 1651, 1660 (2011).

4  Accordingly, only official capacity suits seeking prospective relief are permitted. As

5  stated, Plaintiff's claim for prospective relief is moot. Accordingly, his RLUIPA claim

6  should be dismissed.

7

**3.    First Amendment**

8    "Inmates clearly retain protections afforded by the First Amendment, including its

9  directive that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of

10  Shabazz, 482 U.S. 342, 348 (1987) (citations omitted). In order to establish a cause of

11  action under the Free Exercise Clause, Plaintiff must show that a restriction substantially

12  burdened the practice of his religion by preventing him from engaging in conduct which

13  he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85

14  (9th Cir. 2008).

15    Additionally, Plaintiff must show that the restriction is not required to maintain

16  institutional security and preserve internal order and discipline. See Pierce v. Cnty. of

17  Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). Restrictions on access to "religious

18  opportunities" must be found reasonable in light of four factors: (1) whether there is a

19  "valid, rational connection" between the regulation and a legitimate government interest

20  put forward to justify it; (2) "whether there are alternative means of exercising the right"

21  that remain open to Plaintiff; (3) whether accommodation of the asserted constitutional

22  right would have a significant impact on staff and other detainees; and (4) whether ready

23  alternatives are absent (bearing on the reasonableness of the regulation). Turner v.

24  Safley, 482 U.S. 78, 89-90 (1987); see also Beard v. Banks, 548 U.S. 521 (2006); Mauro

25  v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir. 1999) (en banc). Shakur v. Schriro, 514 F.3d

26  878, 884-85 (9th Cir. 2008). Prisoners are not required to "objectively show that a central

27  tenet of [their] faith is burdened" in order to raise a viable free exercise claim.  Id. at 884.

28

1    Here, Plaintiff alleges he was denied kosher meals. He states that his religion

2  keeps to kosher standards that are essentially identical to those of the Jewish faith.

3  Plaintiff previously was permitted to proceed on this claim on the ground that the denial

4  of such meals constituted a complete denial of meals that satisfied the dietary laws of his

5  religion. McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987) (holding that prisoners

6  "have the right to be provided with food sufficient to sustain them in good health that

7  satisfies the dietary laws of their religion"). However, documents attached to Plaintiff's

8  lodged proposed amended complaint reflect that Plaintiff was afforded the option of

9  vegetarian meals. These meals were not acceptable to Plaintiff because he is not a

10  vegetarian and prefers to eat kosher meat. Plaintiff does not contend that his sincere

11  religious beliefs preclude him from eating a vegetarian diet.

12    Such allegations do not state a claim of constitutional import under the First

13  Amendment. Plaintiff was afforded the option to receive meals that would have satisfied

14  his religious requirements, even if they were not his preferred meals. Plaintiff's first

15  amendment claim therefore should be dismissed.

16            **4.    Equal Protection**

17    The Equal Protection Clause requires that persons who are similarly situated be

18  treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439

19  (1985). An equal protection claim may be established by showing that the defendant

20  intentionally discriminated against the plaintiff based on the plaintiff's membership in a

21  protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of

22  Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were

23  intentionally treated differently without a rational relationship to a legitimate state

24  purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y

25  Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of

26  Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

27    At the time Plaintiff was denied kosher meals, Title 15, Section 3054.2(a) provided

28  that "Jewish inmates may participate in the [kosher meal] program, as determined by the

8

Jewish Chaplain." Plaintiff allegedly was denied participation in the kosher meal program by Defendants Carron and Smith because he was not Jewish and therefore did not fall within the regulation. This allegation is sufficient to state a cognizable Equal Protection claim.

### 5.   Conclusion

Plaintiff's proposed first amended complaint states a cognizable Equal Protection claim for damages against Defendants Carron and Smith, but no other clams.

## III.   Conclusion and Recommendation

Based on the foregoing, Plaintiff's motion for ruling (ECF No. 46) is HEREBY GRANTED.

Additionally, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend the complaint (ECF No. 37) be GRANTED;

2. Plaintiff's lodged first amended complaint (ECF No. 38) be FILED;

3. Plaintiff proceed on his Fourteenth Amendment Equal Protection claim against Defendants Carron and Smith;

4. All other claims asserted in the first amended complaint be DISMISSED with prejudice,

5. Service be initiated on the following Defendant:

   **YOSSI CARRON** – Rabbi at CSP-COR

6. Defendant Smith be required to file a responsive pleading within twenty-one days of the order adopting the findings and recommendations.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 28, 2016          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

10