UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA, | CASE No. 1:13-cv-00960-AWI-MJS (PC) |
| Plaintiff, | **ORDER GRANTING MOTION TO CORRECT RECORD** |
| v. | **(ECF No. 64)** |
| MATTHEW CATE, et al., | **ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS** |
| Defendants. | **(ECF No. 62)** |
| | **ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS** |
| | **(ECF No. 56)** |
| | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRING SECURITY** |
| | **(ECF No. 32)** |
| | **ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT** |
| | **ORDER GRANTING LEAVE TO FILE THE LODGED FIRST AMENDED COMPLAINT** |
| | **ORDER DISMISSING PLAINTIFF'S RLUIPA CLAIM WITH PREJUDICE AND FIRST AMENDMENT CLAIM WITHOUT PREJUDICE** |
| | **ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** |

1

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On November 2, 2016, the Magistrate Judge issued findings and recommendations to grant Defendant Smith's motion for an order declaring Plaintiff a vexatious litigant and requiring that he post security before proceeding further with this litigation. (ECF No. 56.) Plaintiff filed objections. (ECF No. 63.) He also filed a motion to correct the record, which the Court construes as a notice of errata. (ECF No. 64.) Defendants filed no response. Plaintiff's objections and the corrections thereto are considered herein.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Plaintiff's objections regarding his status as a vexatious litigant do not raise an issue of fact or law under the findings and recommendations. His objection that the Magistrate Judge refused to rule on his motion to amend the complaint is without merit, as that motion is the subject of separate findings and recommendations. (ECF No. 62.) Having carefully reviewed the entire file, the Court finds the findings and recommendations (ECF No. 56) to be only partially supported by the record and proper analysis. The Court will adopt that findings and recommendations in part as explained below.

The Court agrees that the Magistrate Judge correctly concluded pursuant to Local Rule 151(b), incorporating Title 3A, part 2, of the California Code of Civil Procedure relating to vexatious litigants, that Plaintiff is a vexatious litigant within the meaning of Section 391 of the California Code of Civil Procedure  because he has filed at least five litigations that have been finally determined adversely to him. See Cal. Code Civ. P. § 391(b)(1). However, as discussed below, because the Court will dismiss with prejudice Plaintiff's RLUIPA claim for prospective relief as moot, the request for posting of a security for that claim is also moot. Next, as discussed below, Plaintiff has stated an

1   Equal Protection claim and may be able to state a Free Expression claim against

2   Defendant Smith, the Court will deny Defendant's request for posting of a security for

3   those claims. As a result, Plaintiff is determined to be a vexatious litigant but the Court

4   will not require posting of any security to proceed forward on the two remaining claims

5   against Defendant Smith because the Court cannot determine that Plaintiff does not

6   have a reasonable probability of prevailing.

7        As to the second findings and recommendations (ECF No. 62), issued December

8   29, 2016, recommending granting Plaintiff leave to file the lodged first amended

9   complaint (ECF No. 38) and dismissing all but Plaintiff's Equal Protection claim against

10  defendants Smith and Carron. This court has conducted a de novo review, considering

11  Plaintiff's objections (ECF No. 66). Again, that findings and recommendations is

12  supported in part by the record and proper analysis. The Court will adopt that findings

13  and recommendations in part as set forth below.

14       The Magistrate Judge recommended dismissal of Plaintiff's RLUIPA claim

15  because the injunctive relief he seeks—admission into the Jewish Kosher Diet

16  Program—has already been granted as a result of an amendment to CDCR regulations

17  and Plaintiff is no longer under Defendant's Smith's custody or within Rabbi Carron's

18  authority.

19       The Magistrate Judge recommended dismissal of Plaintiff's free expression claim

20  against both defendants, noting that Plaintiff was offered a vegetarian meal sufficient to

21  sustain him in good health. Indeed, Plaintiff did not mention in his complaint that a

22  vegetarian meal was incompatible with his religious dietary requirements. In his

23  objections to the findings and recommendations, Plaintiff notes for the first time that his

24  religion requires him to eat meat. He contends that "forcing [him] to eat a [v]egetarian

25  meal … would and did create a substantial burden on [his] religious beliefs." Doc. 66 at 6

26  (emphasis removed). On that basis, Plaintiff would likely state a First Amendment claim

27  for damages against Rabbi Carron. McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.

28

1  1987) (holding that prisoners "have the right to be provided with food sufficient to sustain
2  them in good health that satisfies the dietary laws of their religion").

3      Second, with regard to Defendant Smith, the Magistrate Judge noted in his
4  November 2, 2016 findings and recommendations, Defendant Smith "had no authority to
5  grant, revoke, and/or deny [Plaintiff's] participation in" the Jewish Kosher Meal program,
6  relying on the 2011 version of Title 15, Section 3054.2 of the California Code of
7  Regulations. See ECF No. 56 at 9; ECF No. 32-1 at 7. The Magistrate Judge finds that
8  Defendant Smith is not responsible for supervisory conduct because, although
9  "technically required to supervise the religious chaplains," Decl. of Def. Smith, ECF No.
10 32-2 at ¶ 5, she reviewed Rabbi Carron's determination only to ensure that it complied
11 with Section 3054.2. ECF. No. 56 at 9. In sum, Magistrate Judge concludes that
12 Defendant Smith's supervisory position created an absence of a causal link between her
13 conduct—confirming Rabbi Carron's determination—and the deprivation at issue. The
14 Magistrate Judge is correct that, as a general matter, supervisory personnel are not
15 liable under Section 1983 for actions of their employees on a theory of *respondeat*
16 *superior*. Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). However, "supervisory
17 officials may be held liable on the basis of their own acts or omissions … including a
18 supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her
19 subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Defendant Smith's
20 presented defense is that her role was only to enforce the provisions of Section 3054.2,
21 an admittedly unconstitutional regulation. See ECF No. 32-2 at ¶ 5 ("[P]er [Section
22 3054.2] the Jewish Chaplain [was] the only staff member with authority to grant and/or
23 deny inmate participation in the JKMP. My only supervisory responsibility it to ensure
24 that the CDCR regulations and/or policies are followed."); ECF No. 32-1 at 7 ("Under the
25 Turner test, the failure to provide a Kosher diet to a non-Jewish prisoner, where the
26 inmate's sincerely held beliefs require such a diet, violates the First Amendment unless
27 justified by legitimate penological interests." No such interests were alleged. "Defendant

28
                                    4

[Smith] never interfered with the Jewish Chaplain's determinations on inmate eligibility in the religious diet program.")

In this instance, it is undisputed that Defendant Smith and Rabbi Carron relied upon Section 3054.2. See ECF No. 38 at 147 ("Title 15 gives the authority for a Rabbi to approve those who are living and have been living a traditional mainstream Jewish life. Yahweh is not part of that tradition.") A public official is ordinarily entitled to qualified immunity when he or she acts in reliance on a statute or regulation. Dittman v. California, 191 F.3d 1020, 1027 (9th Cir.1999); Grossman v. City of Portland, 33 F.3d 1200, 1209 (9th Cir.1994). However, qualified immunity does not apply when an official enforces a statute, regulation or policy that is "patently violative of fundamental constitutional principles." Dittman, 191 F.3d at 1027. As Defendant Smith set out, "The First Amendment requires prison officials to provide a diet appropriate to the inmate's sincere religious belief, not one appropriate to the institution's determination of appropriate religious observance." Shakur v. Schriro, 514 F.3d 878, 884-885 (9th Cir. 2008). Plaintiff self-identifies as a member of the House of Yahweh. He alleges that his religion requires him to consume a Kosher diet. He alleges that a vegetarian diet does not satisfy the requirements of Kosher. Rabbi Carron addressed a memorandum to Plaintiff indicating that as "a self-identifying and practicing member of the House of Yahweh, you may indeed qualify for a special religious diet. [H]owever, being that you are not Jewish, you do not qualify for CDCR's Jewish Kosher Diet Program." ECF No. 38 at 46. That rationale was repeated by Defendant Smith, relying on Section 3054.2. ECF No. 38 at 34-35. Defendants Smith and Carron were no doubt placed in a difficult position; their authority was constrained by regulation that operated without regard to the protections of the First Amendment. However, as binding authority instructs, qualified immunity does not protect an official when enforcing a regulation that is patently violative of fundamental constitutional principles. See Dittman, 191 F.3d at 1027; Grossman, 33 F.3d at 1210. At the time of the denial, it was clearly established that prison officials were required to provide a diet appropriate to the inmate's sincere religious beliefs, regardless

5

1  of the institution's determination of appropriate religious observance. Shakur, 514 F.3d

2  at 884-885. The fact that Defendants may have appropriately followed CDCR regulations

3  is not dispositive on whether a constitutional violation has taken place or whether they

4  are entitled to qualified immunity. See, e.g., Franklin v. Dudley, 2011 WL 2493770, *9

5  (E.D. Cal. June 22, 2011) (recognizing an Eighth Amendment claim a physician's

6  assistant defendant applied a blanket policy—disobedience of which could have resulted

7  in her firing—of denying narcotic pain medication to inmates regardless of the medical

8  need).

9       Plaintiff has stated an Equal Protection claim against Defendants Smith and

10 Carron. Based on the information alleged in Plaintiff's objections to findings and

11 recommendations, it appears that Plaintiff may be able to state a Free Expression claim

12 against Defendants Smith and Carron. Plaintiff will be permitted to amend that claim.

13 Plaintiff may file a Second Amended Complaint, alleging his Equal Protection and Free

14 Expression Claims against Defendants Smith and Carron.[1] Failure to file an amended

15 complaint within 45 days of the date of this order will result in this action proceeding

16 forward only on Plaintiff's Equal Protection claims.

17       Plaintiff will not be required to post a bond with regard to the Equal Protection or

18 Free Expression claims against Defendant Smith.

19       Accordingly, the Court would dismiss this claim and allow amendment of that

20 claim because amendment does not appear futile on its face. See Fed. R. Civ. P. 15.

21       Based on the foregoing, it is HEREBY ORDERED that:

22       1.    Plaintiff's motion to correct the record (ECF No. 64), construed as a notice

23             of errata, is GRANTED;

24       2.    The findings and recommendations issued by the Magistrate Judge on

25             November 2, 2016 (ECF No. 56) are adopted in part;

26

27

28
_____
[1] Plaintiff may not allege any other claims. No waiver of the right to appeal dismissed claims will result.

3.   Defendant Smith's motion for an order declaring Plaintiff a vexatious litigant and requiring that he post security (ECF No. 32) is GRANTED in part;

4.   Plaintiff is declared a vexatious litigant;

5.   Plaintiff is not required to post a security;

6.   The findings and recommendations issued by the Magistrate Judge on December 29, 2016 (ECF. No. 62) are adopted in part;

7.   Plaintiff's motion to amend the complaint (ECF No. 37) is GRANTED;

8.   Plaintiff's lodged first amended complaint (ECF. No. 38) is FILED;

9.   Plaintiff's RLUIPA claims against Defendants Smith and Carron are DISMISSED with prejudice;

10.  Plaintiff proceeds on his Equal Protection claim against Defendants Carron and Smith;

11.  Plaintiff's First Amendment claims against Defendants Smith and Carron are DISMISSED without prejudice and with leave to amend;

12.  Plaintiff is granted leave to file an amended complaint alleging Equal Protection and Free Expression claims against Defendants Smith and Carron; and

13.  Plaintiff's failure to file an amended complaint within 45 days will result in this action proceeding only on Plaintiff's Equal Protection claim.

This matter is referred back to the Magistrate Judge for further proceedings and screening on any amended complaint.

IT IS SO ORDERED.

Dated:   March 8, 2017        _____

                              SENIOR  DISTRICT  JUDGE

7