| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | UNITED STATES DISTRICT COURT |
| 6 | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| ALVARO QUEZADA, | CASE NO. 1:13-cv-00960-AWI-MJS (PC) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
| v. | **MOTION TO COMPEL DISCOVERY** |
| MATTHEW CATE, et al., | (ECF No. 87) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection claims against Defendants Smith and Carron. (ECF No. 75.)

Before the Court is Defendants' motion to compel discovery. (ECF No. 87.) Plaintiff filed opposition. (ECF No. 88.) Defendants replied. (ECF No. 89.) The matter is deemed submitted. Local Rule 230(*l*).

## I.     **Plaintiff's Allegations**

Plaintiff alleges that he was deprived of kosher meals while he was incarcerated at California State Prisoner - Corcoran ("CSP"). Plaintiff is a member of the House of Yahweh, a religious faith with beliefs similar to Judaism, and was given kosher meals for a time, but those meals were suspended on September 17, 2011. On September 22, 2011, Plaintiff's kosher meals were reinstated, but terminated again on October 13, 2011. Plaintiff alleges that Defendants Carron and Smith allowed other non-Jewish

inmates to be served kosher meals, but denied him these meals in violation of his First and Fourteenth Amendment rights.

**II.     Legal Standard**

The discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir.1981). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). The failure to timely object to a discovery request may be deemed a waiver of the objection. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

1 | **III.    Motion to Compel**

On August 25, 2017, Defendant Smith served a first set of interrogatories on Plaintiff, who timely filed responses and objections. On November 1, 2017, Defense counsel wrote to Plaintiff outlining alleged deficiencies in his responses and requesting supplemental responses. Plaintiff replied by reiterating his responses, indicating he had responded fully, and declining to provide any additional information.

Defendants now move to compel Plaintiff's further responses to Interrogatories Nos. 1, 3, 4, and 6, on the grounds that the responses were evasive and essentially non-responsive in that they refer to or incorporate other documents, including the operative complaint, rather than providing the requested information, and they argue that if Plaintiff references documents, he must precisely indicate the location of the information requested. (ECF No. 87 at 5.)

**A.    Interrogatories 1, 3, 4, 6**

**Interrogatory No. 1**
Identify all dates in which you allege you were denied kosher meals at Corcoran State Prison.

**Plaintiff's Response**
Plaintiff objects that this request on the grounds that it is vague and overbroad as to the applicable time period relating to dates, and vague, ambiguous, and overbroad as to the meaning of "Identify all dates" in which you allege you were denied kosher meals at CSP. Subject to and without waiving these objections, plaintiff responds: the requested information is located in plaintiffs 1st Amended Complaint ECF with attached Exs. "1" – "16" listed as ECF No. 38, of which the Def.s' have in their possession this requested information. This request is overly burdensome based on the material fact that the Def.s' possess this requested information already and these (Interros.) appear to be in bad faith, where they are placing an undue burden or expense on plaintiff.

**Interrogatory No. 3**
Identify the specific time period in which you believe Defendant Smith violated your rights.

**Plaintiff's Response**
Plaintiff objects that this request is vague and overbroad as to the applicable time period, and vague, ambiguous, and overbroad as to the meaning of "Violated your rights". Subject to and without waiving these objections, plaintiff responds: the requested information is located in plaintiffs 1st Amended Complaint ECF No.

38. The Def.s' already possess this requested information. Plaintiff further objects to the overly burdensome (Interro.) designed to harass, annoy and place an undue burden or expense on plaintiff based on the fact that the Def.s' possess this requested information.

**Interrogatory No. 4**
Identify the dates that you received kosher meals at Corcoran.

**Plaintiff's Response**
Plaintiff objects that this request is vague and overbroad as to "Identify the Dates", and overbroad as to the meaning of "You received kosher meals" at "Corcoran". Subject to and without waiving these objections, plaintiff responds: The requested information is located in plaintiffs 1st Amended complaint, the Def.s' already possess this information, see ECF No. 38 with the attached Ex.s' "1"- "16". Plaintiff objects to the overly burdensome (Interro.) designed to harass, annoy, and place an undue expense on plaintiff, based on the fact that the Def.s' continue to make (Interro.s) that requests' answers that the Def.s' already possess such requested information.

**Interrogatory No. 6**
Identify the specific time period in which you believe Defendant Carron violated your rights.

**Plaintiff's Response**
Plaintiff objects that this complaint is vague and overbroad as to the "specific time periods", and is vague, ambiguous, and overbroad as to the meaning of "which you believe" and Def. Carron violated you rights. Subject to and without waiving these objections, plaintiff responds:
The requested information is located in ECF No. 38, the Def.s' already possess this information. See ECF No. 38 Counts "I"- "II" (¶¶s1-50) Plaintiff lists the detailed times and dates of this (Interro). See Ex.s' "1", "3"-"4", "6", "8"- "10", "13", and "16". Plaintiff objects to these bad faith (Interros.) and to the undue expense and overly burdensome (Interros.) that request information that is already in the Def.s' possession.

### B. Analysis

Plaintiff's responses to these Interrogatories are insufficient. The information Defendants seek is relevant to this action. Plaintiff must respond to these interrogatories fully and may not simply refer to other documents. See Fed. R. Civ. P. 33(b)(3); United States ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 650 (C.D. Cal. 2007); Hash v. Cate, No. C 08–03729, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012). Each interrogatory should be answered separately and fully, in writing, without reference to

4

other interrogatories, pleadings, or other documents. <u>Mulero-Abreu v. P.R. Police Dep't</u>, 675 F.3d 88, 93 (1st Cir. 2012)("answering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33"). Here, the operative complaint is 152 pages long. Defendants are not required to search through the complaint or Plaintiff's numerous exhibits to determine which facts might support Plaintiff's claims.

The Court also rejects Plaintiff's boilerplate objections that the requests are vague, overbroad, and place an undue burden on Plaintiff. They do not. They ask pointed questions seeking specific answers to questions directly relevant to this case.

Accordingly, Plaintiff will be ordered to provide good faith, supplemental responses to each of the listed interrogatories, without references to other documents.

## IV. Conclusion and Order

1. Based on the foregoing, Defendants motion to compel (ECF No. 87) is HEREBY GRANTED;

2. Plaintiff shall provide further responses to Interrogatories Nos. 1, 3, 4, 6, within **thirty (30) days** of service of this order;

3. Defendants may, but need not, file a further motion to compel within **fourteen (14) days** of service of Plaintiff's further response.

IT IS SO ORDERED.

Dated: February 21, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

5